Filed 13 November 13 P3:23
Chris Daniel - District Clerk
Harris County
ED101J017819322
By: Nelson Cuero

2013-68466 / Court: 333

CAUSE NO. _____

| | |
|---|---|
| Sandra Rogers, Individually and as Personal Representative of the Estate of Dustin Rogers and as Next Friend of Dallas Rogers and London Rogers, *Plaintiff,* | § IN THE DISTRICT COURT OF <br> § <br> § <br> § <br> § HARRIS COUNTY, TEXAS <br> § |
| VS. | § <br> § |
| BBC Chartering America, LLC and BBC Chartering USA, LLC <br> *Defendants.* | § <br> § <br> § _____th JUDICIAL DISTRICT |

## Plaintiffs' Original Petition

Plaintiff Sandra Rogers, individually and as Personal Representative of the Estate of Dustin Rogers ("Decedent") and as Next Friend of Dallas Rogers and London Rogers (collectively as "Plaintiffs"), brings this action complaining of BBC Chartering America, LLC and BBC Chartering USA, LLC. (collectively as "Defendants") and would respectfully show the Court that:

### I.

### Jurisdiction

1.      This is a wrongful death and survival claim which is maintained under the general maritime law of the United States and/or, alternatively, under the Wrongful Death and Survival statutes and common law of Alabama. It is well-settled that claims maintained under general maritime do not present a federal question. Moreover, since all parties are Texas citizens, this case cannot be removed on the basis of diversity jurisdiction.

Certified Document Number: 58277974 - Page 1 of 6

## II.

### Venue

2.     Venue is proper in this county because it is the county of Defendants' principal offices in this state.

## III.

### Discovery Level

3.     Discovery in this matter may be conducted under Level 2 of the Texas Rules of Civil Procedure.

## IV.

### Parties

4.     At the time of his death, Decedent Dustin Rogers resided in Alabama. He was 28 years old at the time of his death and married to Sandra Rogers.

5.     Sandra Rogers is the widow of Decedent and personal representative of the Estate of Dustin Rogers. She brings this action pursuant to Texas Civil Practices and Remedies Code Section 71.004(b) for her benefit and "for the benefit of all" persons entitled to recover damages as a result of Decedent's death. She resides in Alabama.

6.     Dallas Rogers is the minor child of Dustin and Sandra Rogers.

7.     London Rogers is the minor child of Dustin and Sandra Rogers.

8.     Defendant BBC Chartering America, LLC is a Delaware entity with its principal place of business in Harris County, Texas. It may be served with process by and through its registered agent Galloway, Johnson, Tompkins, Burr & Smith, PLC, 1301 McKinney Street, Suite 1400, Houston, Texas 77010.

Certified Document Number: 58277974 - Page 2 of 6

9.     Defendant BBC Chartering USA, LLC is a Texas entity with its principal place of business in Harris County, Texas. It may be served with process by and through its registered agent Galloway, Johnson, Tompkins, Burr & Smith, PLC, 1301 McKinney Street, Suite 1400, Houston, Texas 77010.

## V.

### Nature of the Action

10.     This lawsuit is necessary as a result of personal injuries that Decedent sustained on September 7, 2013, which led to his untimely death.  On that date, Decedent was working as a longshoreman on a vessel in state territorial waters of Alabama. While performing his duties on that date, Decedent suffered horrific injuries and ultimately died as a result of Defendants' negligence, gross negligence and negligence *per se*. Decedent was injured and ultimately killed as a result of blunt force trauma following a crane accident.

11.     Defendants were negligent, grossly negligent and negligent *per se* for the following reasons:

     a.    failure to properly train their employees;

     b.    failure to provide adequate safety equipment;

     c.    failure to properly inspect and/or maintain its equipment;

     d.    failure to properly inspect and/or maintain the vessel and/or its appurtenances;

     e.    failure to warn of improperly inspected, poorly maintained and/or otherwise unrepaired conditions of the platform and/or its appurtenances;

Certified Document Number: 58277974 - Page 3 of 6

Certified Document Number: 58277974 - Page 4 of 6

f.    failure to comply with applicable safety standards, statutes, and regulations;

g.    violating applicable Coast Guard, BSEE, and/or OSHA regulations, policies and/or standards;

h.    failure to maintain safe premises;

i.    failure to properly supervise their employees;

j.    failure to properly train their employees;

k.    failure to safely conduct operation;

l.    providing employees with negligent instructions and orders;

m.    violating its turnover duty;

n.    failing to exercise reasonable control over equipment and/or areas of the vessel under its active control;

o.    failure to intervene when it was aware of obviously dangerous acts taking place and/or conditions on the vessel;

p.    vicariously liable for their employees' negligence; and

q.    all other acts deemed negligent.

12.    As a result of the foregoing occurrences, Decedent died and suffered immense pain, fear, discomfort, and emotional distress prior to death.  He also sustained a loss of earnings and earning capacity in the future.  Most importantly, Plaintiff has lost her husband and her children have lost their father.  Plaintiffs seek loss of companionship, loss of society, loss of support, loss of friendship, mental anguish, emotional distress, damages for Decedent's pre-death pain and suffering, and all other remedies allowable under the law.

Plaintiffs have been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sue.

13.    Plaintiffs are also entitled to and seek exemplary damages because the aforementioned actions of Defendants were grossly negligent.   Defendants acted with flagrant and malicious disregard of Decedent's health and safety.   Defendants were subjectively aware of the extreme risks posed by the conditions which caused Decedent's injuries and death, but did nothing to rectify them.   Defendants' acts and/or omissions involved an extreme degree of risk considering the probability and magnitude of potential harm to Decedent and others.   Defendants had actual, subjective awareness of the risks, and consciously disregarded such risks.

14.    Plaintiff has been damaged in a sum far in excess of the minimum jurisdictional limits of this Honorable Court, for which they now sue.   Plaintiffs seek monetary relief over $1,000,000.

**VI.**

**Jury Trial**

15.    Plaintiffs hereby request a trial by jury on all claims.

**VII.**

**Prayer**

15.    Plaintiffs pray that this citation issue and be served upon Defendants in a form and manner prescribed by law, requiring that the Defendants appear and answer, and that upon final hearing, Plaintiffs have judgment against Defendants, both jointly and severally, in a total sum in excess of the minimum jurisdictional limits of this Court, plus pre-judgment

and post-judgment interests, exemplary damages, all costs of Court, and all such other and

further relief, to which they may show themselves justly entitled.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Jason A. Itkin*

Jason A. Itkin
State Bar No. 24032461
Cory D. Itkin
State Bar No. 24050808
Noah M. Wexler
State Bar No. 24060816
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**ATTORNEYS FOR PLAINTIFFS**

Certified Document Number: 58277974 - Page 6 of 6



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2013

Certified Document Number:      58277974 Total Pages:  6

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2013-68466

| | |
|---|---|
| Sandra Rogers, Individually and as Personal Representative of the Estate of Dustin Rogers and as Next Friend of Dallas Rogers and London Rogers, *Plaintiff,* | § IN THE DISTRICT COURT OF<br>§<br>§<br>§<br>§ HARRIS COUNTY, TEXAS<br>§ |
| VS. | § |
| | § |
| BBC Chartering America, LLC and BBC Chartering USA, LLC<br>*Defendants.* | §<br>§<br>§  333rd JUDICIAL DISTRICT |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, REQUEST FOR ADMISSIONS AND REQUEST FOR DISCLOSURE TO DEFENDANTS

TO:  Defendant BBC Chartering America, LLC is a Delaware entity with its principal place of business in Harris County, Texas. It may be served with process by and through its registered agent Galloway, Johnson, Tompkins, Burr & Smith, PLC, 1301 McKinney Street, Suite 1400, Houston, Texas 77010.

Defendant BBC Chartering USA, LLC is a Texas entity with its principal place of business in Harris County, Texas. It may be served with process by and through its registered agent Galloway, Johnson, Tompkins, Burr & Smith, PLC, 1301 McKinney Street, Suite 1400, Houston, Texas 77010.

Plaintiff propounds this First Set of Interrogatories, Requests for Production, Request for Admissions and Request for Disclosure. Defendants are each required to answer, separately, fully, in writing, and under oath, and provide, or produce for inspection, copying and replication, the things requested, within fifty (50) days after the date of service, at the law offices of ARNOLD & ITKIN LLP, 6009 Memorial Drive, Houston, Texas 77007.

Pursuant to the *Texas Rules of Civil Procedure*, Defendants have a duty to promptly supplement discovery responses.

# I.

## Definitions and Instructions

1.      The terms "document" and "documents" mean all documents and tangible things, in the broadest sense allowed under the Texas Rules of Civil Procedure, and include, but are not limited to, information contained in computer storage and other electronic information retrieval systems, drafts, originals and nonconforming copies which contain deletions, insertions, handwritten notes or comments, however produced or reproduced, or to any other tangible permanent record, and without limitation, shall include, among other things, accident reports, medical reports, work safety logs, employment records, all marketing material, bids, letters, correspondence, records of discussions, conferences, memoranda, notes, telegrams, summaries, telephone logs and records, teletypes, bank checks, bank deposits and withdrawal slips, bank credit and debit memoranda, records, telexes, private wire messages, communications, calendars, diaries, appointment books, agenda of meetings, conversations, schedules, reports, studies, appraisals, analyses, lists, surveys, budgets, financial statements, financial projections, financial calculations, financial audits, contracts, agreements or proposed agreements, confidentiality agreements, periodicals, charts, graphs, interviews, speeches, transcripts, depositions, press releases, brochures, books of account, affidavits, communications with government bodies, invoices, notes and minutes of meetings of Boards of Directors, audit committees, financial committees and executive committees, interoffice communications, results of investigations, working papers, newspaper or magazine articles, records of payments, releases, receipts, computer programs and printouts, maps, blue prints, liftings, tax returns, vouchers, subpoenas, papers similar to any of the foregoing and other writings of every kind and descriptions (whether or not actually used) in your possession, custody or control; and other records of voice recordings, film, tapes, and other data compilations from which information can be obtained whether these are resident on paper or other media such as magnetic, electronic, or optical.

2.      You are to produce all documents that are in the possession, control or custody of you or in the possession, control or custody of any attorney for you. Without limiting the term "control," a document is deemed to be within your control if you have ownership, possession or custody of the document, or the right to secure the document or copy thereof from any person or public or private entity having physical possession thereof.

3.      All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original document being produced.

4.      Unless otherwise indicated, documents requested by this Document Request are documents referring to, relating to, or prepared during the last ten years.

5.      This Document Request requires you amend or supplement your production of documents called for by this Document Request.

6.      In the event that any document requested has been lost or destroyed, you shall identify such document and, in addition, specify (a) the date of its loss or destruction; (b) the reason for its destruction; (c) the person authorizing its destruction; and (d) the custodian of the document immediately preceding its loss or destruction.

7.      Plaintiff(s) requests that you provide the descriptions specified in Rules for each document not produced because of a claim of privilege. Such descriptions shall specify in writing with respect to each purportedly privileged document, its author(s), recipient(s), nature (e.g. memorandum, letter), date, subject matter, the nature of the claimed privilege and all facts you rely on to support the claim of privilege. Plaintiff(s) requests that you provide such descriptions within fifteen days after service of your response, or responses, to these documents requests.

8.      If you object to any part of a document request, you shall produce all documents, or any portions thereof, covered by the request to which you do not object.

9.      "You," "your," or "yours" shall mean, unless otherwise specified in a particular request, Defendant named in this lawsuit and/or any agent or representative of Defendant named in this lawsuit during all times relevant to this action.

10.     The term "and/or," "or," and "and" are used inclusively, not exclusively.

11.     The term "identify," or "identity," when used herein in reference to a natural person, means to state (1) his/her full name and the present or last known address of his/her residence, and last known telephone number (with area code prefix); (2) his/her present or last known business affiliation and positions with respect thereto during the relevant time period as herein defined, including a description of his/her duties and responsibilities. If any of the above information is not available, state any other available means of identification.

12.     The terms "concerning" or "relating to" as used herein shall mean referring to, reflecting or related in any manner, logically, factually, indirectly or directly to the matter discussed.

13.     The terms "evidencing" as used – herein shall mean constituting, reflecting, memorializing, referring to and/or supporting – logically, factually, indirectly or directly – the matter discussed.

14.     The term "Damages" shall mean all claims for relief alleged by Plaintiff(s) in the latest Complaint.

15.     The term "JSA" shall mean safety meeting minutes and/or reports.

16.     As used herein, the term "communication" includes, without limitation, every manner or means of statement, utterance, notation, disclaimer, transfer, or exchange of information of any nature whatsoever, by or to whomever, whether oral, written, or face-to-face, by telephone, U.S. mail, personal delivery, electronic mail, computer, or otherwise, specifically

including, without limitation, correspondence, conversations, dialogue, discussions, interviews, consultations, agreements, and other understandings.

17.     All documents responsive to this request shall be produced in their original form. Documents originally in hard copy form shall be produced in that form.   Documents or items requested in electronic, optical, or magnetic media form shall be produced in the form requested as kept by you.   In the event Plaintiff(s) experience difficulty in retrieving or translating said electronic, computer or magnetic data, Defendant shall produce all such documentary information contained within said data in hard copy form that does not require translation within five (5) days of receiving objection from Plaintiff(s) without the necessity of court order.

18.     The singular includes the plural number, and vice versa.   The masculine includes the feminine and neuter gender.   The past tense includes the present tense where the clear meaning is not distorted by change of tense.

19.     "Vessel" shall refer to where the Plaintiff(s) was working at the time of the events that form the basis of this lawsuit.

20.     "Entity" or "Entities" shall mean any corporation, corporate form (such as a limited partnership, limited liability partnership, or limited liability company), parent company, affiliate, subsidiary, partner, member, venture, partnership, or any other structure (or a chain of successive entities) that conducts business, has conducted business, or anticipates conducting business.

21.     **If you have any objections such as vague, overbroad, etc., please do not object. Instead, call me and I will try to take into account your objections and specific concerns in hopes of working such disputes out amicably.**

## II.
## Interrogatories

1.  Regardless of whether you contend they were contributing causes of the events giving rise to this lawsuit, please state with specificity all gears, equipment, tackle, tools, materials, supplies and/or appurtenances involved in the events giving rise to this lawsuit, and identify all manufacturers, distributors, and operators of same.

    **ANSWER:**

2.  Give the name, job title, employer, last-known residential address, and last-known residential telephone number of each person to whom the occurrences underlying this lawsuit were reported.

    **ANSWER:**

3.  Give the name, job title and employer at the times and on the occasions in question, last-known employer, last-known employer's address, last-known residential telephone number, and last-known residential address of each person who witnessed or was in the closest proximity to Plaintiff(s) when the underlying basis of this lawsuit occurred.

    **ANSWER:**

4.  Has this Defendant been sued in its correct name?  If not, state the correct name.

    **ANSWER:**

5.  Did this Defendant own the Vessel on the date of the incident on which this lawsuit is based?  If your answer is no, please identify the person or entity who owned the Vessel on said date.

    **ANSWER:**

6.  Did this Defendant operate the Vessel on the date of the incident made the basis of this lawsuit?  If your answer is no, please identify the person or entity who operated the Vessel on said date.

    **ANSWER:**

7.  Was the Vessel under charter or lease at the time of the incident involving the Plaintiff(s)? If your answer is in the affirmative, please identify all parties to said lease or charter.

    **ANSWER:**

8.  Were any individuals or companies other than those named in the Petition herein involved in any manner in the incident made the basis of this suit? If your answer is in the affirmative, please identify said individuals and/or companies.

    **ANSWER:**

9.  Please identify any and all person(s) known to you to have knowledge of the relevant facts upon which this lawsuit is based.

    **ANSWER:**

10. If you claim that the incident resulted from Plaintiff's own contributory negligence, fault, lack of care, inattention to duties, or failure to take ordinary precautions commensurate with his own safety, please set forth fully and specifically the facts upon which you rely for those claims.

    **ANSWER:**

11. Have you conducted an investigation into the cause or causes of the incident in question? If your answer is in the affirmative, please identify each and every person conducting said investigation(s), the date(s) on which said investigation(s) were performed, and who was present during said investigation(s).

    **ANSWER:**

12. State when, where and under what circumstances you first became aware that Plaintiff(s) was claiming to have sustained the injuries made the basis of this lawsuit.

    **ANSWER:**

13.    Do you possess any statements, whether signed or unsigned, written or otherwise, concerning facts relating to the incident made the basis of this lawsuit or the injuries therefrom? If your answer is "yes", identify each person from whom you possess a statement; state when and where each and every statement or statements were taken; and identify the person who took each such statement and by whom each person was employed at the time such statement was taken.

      **ANSWER:**

14.    Identify each person aboard the Vessel at the time of the incident made the basis of this lawsuit and state whether these individuals were employed by you at that time. If each and every person aboard the Vessel at the time of the Plaintiff's injuries was not employed by you, identify those individuals not employed by you and state who employed them.

      **ANSWER:**

15.    For the individuals whom you identified in the previous Interrogatory as having been employed by you on the dates of the Plaintiff's injuries, please state whether they are still in your employ and if not, please state why not and provide their last known address.

      **ANSWER:**

16.    If you contend that some person, thing, or entity other than either the Plaintiff(s) or Defendant, by some act or omission, caused or contributed to cause the incident in question in any way, no matter how slight or small, or the injuries allegedly resulting therefrom, identify that person, entity, or thing.

      **ANSWER:**

17.    If you contend that the incident in question, or the injuries allegedly resulting therefrom, were caused in whole or in part by a pre-existing physical condition of the Plaintiff(s), identify each such condition, and describe how each contributed thereto.

      **ANSWER:**

18.   Please state whether, subsequent to Plaintiff's alleged incident, you or any other company to your knowledge made any repairs, additions, alterations, renovations, improvements, or performed any other work on the area or equipment of the Vessel involved in the incident. For each such alteration, or instance of such work, state the date it was done, the names of all persons participating in the work to be done, the reason the work was to be done, and a description of all repairs, alterations, or work done.

**ANSWER**:


19.   Please state the name, address (home and business) and telephone number (home and business) of this Defendant's person in charge on the date of the incident made the basis of this suit, and the exact name and address of the company by whom he was employed at the time of the incident.

**ANSWER**:

## III.
## Requests for Production

1.  All policies of insurance that cover the occurrences in question, including excess coverage(s), which were in effect during the events underlying this lawsuit that may have insured Defendant against the allegations of Plaintiff(s) in this lawsuit.

    **RESPONSE:**

2.  All photographs, videos, drawings, or other depictions of the Vessel, the area(s) in question, the equipment, gears, tool, tackle and/or appurtenances in question, the Plaintiff(s), or other relevant objects that concern the events giving rise to this lawsuit.

    **RESPONSE:**

3.  All blueprints, diagrams, and deck arrangements of the Vessel that relate to the events giving rise to this lawsuit.

    **RESPONSE:**

4.  Decedent's pre-employment physicals.

    **RESPONSE:**

5.  All accident, injury, disability or injury reports concerning the underlying events of this lawsuit, whether signed by Plaintiff(s) or not, that concern events giving rise to this lawsuit.

    **RESPONSE:**

6.  All medical records that refer to Decedent and/or Plaintiff(s), including medical records that predate the occurrences in question.  This request also seeks test results and/or films.

    **RESPONSE:**

7.  Any certificates of inspection concerning the Vessel for the period of one (1) year before and after the events underlying this lawsuit.

    **RESPONSE:**

8.    Notations or all other records of safety meetings for the period of six (6) months before and six (6) months after the events underlying this lawsuit.

    **RESPONSE**:

9.    All medical logs referring to Decedent and/or Plaintiff(s), including medical logs that may predate or be subsequent to the events underlying this lawsuit

    **RESPONSE**:

10.    The entire Marine Index Bureau Report on Decedent.

    **RESPONSE**:

11.    All income tax returns and attachments that relate to Decedent and/or Plaintiff(s).

    **RESPONSE**:

12.    All social security earnings records you possess relating to Decedent and/or Plaintiff(s).

    **RESPONSE**:

13.    All invoices, requisitions, logs and other similar documents that concern any repairs, alterations, inspections, corrections and/or improvements to any part of the Vessel which was involved in the events giving rise to this lawsuit, including but not limited to equipment, gears, tackle, appurtenances, and tools.

    **RESPONSE**:

14.    All records indicating favorable or unfavorable performance and conduct evaluations of Decedent and/or Plaintiff(s).

    **RESPONSE**:

15.    Decedent and/or Plaintiff's complete employment file.

    **RESPONSE**:

16.     All reports, citations, or other documents that relate to the Coast Guard, OSHA, BSEE, or any other governmental agency that concern the events giving rise to this lawsuit.

     **RESPONSE**:


17.     All records referring to Decedent and/or Plaintiff(s) concerning the criminal justice system.

     **RESPONSE**:


18.     All safety manuals and materials that relate to the events underlying this lawsuit.

     **RESPONSE**:


19.     All records referring to Plaintiff(s) and relating to Plaintiff's prior and current employers.

     **RESPONSE**:


20.     All personnel files that refer to the individuals who functioned as the Vessel's supervisor(s) during the time period when the events giving rise to this lawsuit occurred.

     **RESPONSE**:


21.     All reprimands, including notations of verbal reprimands, given to any employee for any reason that concern the events giving rise to this lawsuit.  This includes Decedent and/or Plaintiff(s), if any at all.

     **RESPONSE**:


22.     All Vessel records that in any manner mention Decedent and/or Plaintiff(s).

     **RESPONSE**:


23.     All non-privileged communications from you or your employees to medical providers, you, your insurers, agents and/or representatives that in any manner concern the events giving rise to this lawsuit.

     **RESPONSE**:

24.     All documents concerning any subsequent remedial measures taken after the events giving rise to this lawsuit.

        **RESPONSE**:


25.     All reports, citations, or other documents to or from the Coast Guard, OSHA, BSEE, or any other governmental agency that concern compliance or noncompliance with any government standards concerning the Vessel and/or equipment from the Vessel.

        **RESPONSE**:


26.     All photographs, videotapes, or films which depict the events underlying this lawsuit.

        **RESPONSE**:


27.     All settlement agreements, releases, indemnifications, or assignments which have been signed by you in connection with the events underlying this lawsuit.

        **RESPONSE**:


28.     All summaries, reports, and files reviewed by each person who may testify as an expert witness at trial.

        **RESPONSE**:


29.     All documents prepared by each expert witness who has been consulted by you and whose opinions have been reviewed by an expert witness who may testify at trial.

        **RESPONSE**:


30.     Copies of all publications which any expert witness obtained or consulted by you has contributed to or on which he or she will rely, which relate in any way to the subject matter or opinions of the expert witness.

        **RESPONSE**:

31.     All documents evidencing communications between you and each expert witness who may testify at trial.

**RESPONSE**:


32.     A current copy of the *curriculum vitae* or resume of any person whom you may call as an expert witness in the trial of this case.

**RESPONSE**:


33.     A current *curriculum vitae* or resume of each person whose opinions or impressions have been reviewed or relied upon by any person who may be called to testify in the trial of this case.

**RESPONSE**:


34.     A current list of the cases, including the cause number, of all trial and deposition testimony given in the past five (5) years by each person whom you may call as an expert witness in the trial of this case in which such expert discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

**RESPONSE**:


35.     A current list of the cases, including the cause number, of all trial and deposition testimony given in the past five (5) years by each person whose opinions or impressions have been reviewed or relied upon by any expert who may be called to testify in the trial of this case in which such person discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

**RESPONSE**:


36.     All transcripts and video recordings of deposition or trial testimony given in the past five (5) years by each person whom you may call as an expert witness in the trial of this case in which such expert witness discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

**RESPONSE**:

37.   All transcripts and video recordings of deposition or trial testimony given in the past five (5) years by each person whose opinions or impressions may have been reviewed or relied upon by any expert who may be called to testify in the trial of this cause in which such person discussed or described mental impressions or conclusions that relate to the subject matter of this lawsuit.

**RESPONSE**:

38.   A current list of works written or published by each person whom you may call as an expert witness in a trial of this case.

**RESPONSE**:

39.   All documents which you have been asked to identify and/or to which you have made reference or identified in your responses to Plaintiffs' Interrogatories to Defendants.

**RESPONSE**:

40.   All documents evidencing the cause of the events underlying this lawsuit.

**RESPONSE**:

41.   All documents supporting any defenses (affirmative or otherwise) raised by you to the allegations set forth in Plaintiffs' latest Petition.

**RESPONSE**:

42.   All correspondence between you and any other person concerning the events underlying this lawsuit.

**RESPONSE**:

43.   All photographs, motion pictures, videos, models, diagrams, drawings, or other visual display concerning any issues in this case.

**RESPONSE**:

44.     All documents evidencing the extent of damage, either physical or monetary, to Decedent and/or Plaintiff(s).

        **RESPONSE**:


45.     Copies of all documents, including policies and instruction manuals which the Defendants provide its employees during the hiring process and/or to contractors hired by you.

        **RESPONSE**:


46.     Copies of all manuals and test materials used by Defendants to monitor and evaluate the performance of its employees.

        **RESPONSE**:


47.     All documents that concern, refer to, or relate to Decedent and/or Plaintiff(s).

        **RESPONSE**:


48.     All documents concerning communications between you and Decedent and/or Plaintiff(s).

        **RESPONSE**:


49.     All documents relating to events that are substantially similar to the events underlying this lawsuit and relating to Defendants.

        **RESPONSE**:


50.     All documents relating to any instructions or directions provided by you to Decedent and/or Plaintiff(s) and relating to the events underlying this lawsuit.

        **RESPONSE**:


51.     Any and all photographs, slides, videotapes, films, DVD's, recording and tape recordings taken or obtained in connection with the accident or the filing of this suit.

        **RESPONSE**:

52.     Any and all written or recorded statements, and summaries thereof, given or taken by any person in connection with the accident or the filing of this suit.

   **RESPONSE**:


53.     Any and all written or recorded statements of Decedent and/or Plaintiff(s) taken by Defendant and/or any agent or representative of Defendant.

   **RESPONSE**:


54.     Any and all settlement agreements or other documents setting forth the terms and conditions of any settlement entered into by you or your insurer(s) with any party to this suit.

   **RESPONSE**:


55.     Any and all daily logs relating or referring to the work to be performed or work performed at the work site in question at the time of the accident made the basis of this suit.

   **RESPONSE**:


56.     Any and all other logs relating or referring to the work to be performed or work performed at the time of the accident made the basis of this suit.

   **RESPONSE**:


57.     The entire investigation file of this Defendant, or its agents and/or representatives, prepared or assimilated prior to the date of filing of the Petition in this Court that relate to Decedent and/or Plaintiff(s) or his claims or injuries.

   **RESPONSE**:


58.     Any and all documents, photographs, video tapes, cassettes, DVD's and/or recordings relating to any surveillance made of Decedent and/or Plaintiff(s).

   **RESPONSE**:

59. Any and all correspondence, fax, memoranda, invoices, contracts, telephone messages and/or email by and between any and all parties to this case which in any way concerns, refers to, or relates to the accident made the basis of this suit.

   **RESPONSE**:

60. All correspondence and any other related documents by and between Defendant and its insurance company which in any way relates to, directly or indirectly, coverage for Plaintiff's injuries and damages arising out of the accident made the basis of this suit.

   **RESPONSE**:

61. Any and all documents, contracts, correspondence and/or notes which concerns, refers to, or reflect potential parties to this action and persons with knowledge of relevant facts.

   **RESPONSE**:

62. All contracts by and between this Defendant and any party herein and this Defendant and any other individual or entity, covering the job in question.

   **RESPONSE**:

63. Any and all company records, daily reports and other daily logs for the Vessel in question for one month before and after the events underlying this lawsuit.

   **RESPONSE**:

64. Any and all records of work being performed by Decedent and/or Plaintiff(s) at the time of the accident, including but not limited to personnel files, copies of payroll checks, front and back.

   **RESPONSE**:

65. Any all reports prepared for or by the medic, regarding treatment rendered to Decedent at the time of the incident made the basis of this lawsuit.

   **RESPONSE**:

66.     All U.S. Coast Guard discharges you possess on the Decedent.

        **RESPONSE**:


67.     All records you possess from the Decedent's and/or Plaintiff's current and/or prior employers.

        **RESPONSE**:


68.     Defendant's Safety Manuals for the past five years.

        **RESPONSE**:


69.     Defendant's Operations, Procedures and Employee Manuals for the past five years.

        **RESPONSE**:


70.     Any and all logs for the Vessel within one month of the accident.

        **RESPONSE**:


71.     The complete personnel file of Decedent and/or Plaintiff(s), including, but not limited to, any documentation related to applications of employment, pre-employment physical(s) and drug test(s) and results thereof.

        **RESPONSE**:


72.     All JSA's for the month before the accident.

        **RESPONSE**:


73.     All JSA's for the work being performed at the time of the incident made the basis of this suit.

        **RESPONSE**:

**IV.**

**Requests for Admissions**

1.      Admit that Defendant has been properly named in Plaintiff's most recently filed Petition.

   **RESPONSE**:


2.      Admit that, at all material times, Defendant owned the Vessel where the incident made the basis of this suit occurred.

   **RESPONSE**:


3.      Admit that, at all material times, Defendant operated the Vessel where the incident made the basis of this suit occurred.

   **RESPONSE**:


4.      Admit that on or about the date aforementioned and at all times material hereto, Decedent was not working in the course and scope of his employment for Defendant.

   **RESPONSE**:


5.      Admit that on or about the date in question a log entry or entries were made in the logs of the Vessel regarding the incident.

   **RESPONSE**:


6.      Admit that Defendant was negligent.

   **RESPONSE**:


7.      Admit that the Decedent was not contributorily negligent.

   **RESPONSE**:


8.      Admit that Defendant did not employ the Decedent at the time and on the occasion in question.

   **RESPONSE**:

19

9.      Admit that the occurrence made the basis of this suit was reported.

        **RESPONSE**:


10.     Admit that the occurrence made the basis of this suit was timely reported.

        **RESPONSE**:


11.     Admit that venue is proper.

        **RESPONSE**:


12.     Admit that Plaintiff(s) did not suffer from any relevant pre-existing condition(s) prior to
        the occurrence in question.

        **RESPONSE**:

13.     Admit that Decedent did not suffer from any relevant pre-existing condition(s) prior to
        the occurrence in question.

        **RESPONSE**:


14.     Admit that personal jurisdiction exists over Defendant.

        **RESPONSE**:


15.     Admit that this is a convenient forum.

        **RESPONSE**:


16.     Admit that Decedent was not intoxicated or under the influence of non-prescription drugs
        on the occasion in question.

        **RESPONSE**:

17.     Admit that you possess insurance coverage to cover potential liability against you in this action.

     **RESPONSE**:


18.     Admit that the vessel in question was unseaworthy at the time of incident herein.

     **RESPONSE**:


19.     Admit that Defendant's negligence proximately caused the injuries sustained by Decedent on the date in question based on the occurrence made the basis of this lawsuit.

     **RESPONSE**:

20.     Admit that Defendant's negligence proximately caused the injuries sustained by Plaintiffs on the date in question based on the occurrence made the basis of this lawsuit.

     **RESPONSE**:

## V.

### <u>Request for Disclosure</u>

(a)    The correct names of the parties to the lawsuit;

(b)    The name, address, and telephone number of any potential parties;

(c)    The legal theories and, in general, the factual bases of the responding party's claims or defenses;

(d)    The amount and any method of calculating economic damages;

(e)    The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)    For any testifying expert:

      1.    The expert's name, address, and telephone number;
      2.    The subject matter on which the expert will testify;
      3.    The general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;

      4.    If the expert is retained by, employed by, or otherwise subject to the control of the responding party:

            A.    All documents, tangible items, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
            B.    The expert's current resume and bibliography;

(g)    Any indemnity and insuring agreements described in Rule 192.3(f);

(h)    Any settlement agreements described in Rule 192.3(g);

(i)    Any witness statements described in Rule 192.3(h);

(j)    All medical records and bills obtained by, or on behalf of, the responding party by virtue of an authorization furnished by the requesting party.

(k)    The name, address, and telephone number of any person or entity who may be designated as a responsible third party.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

_____

Jason A. Itkin
Texas State Bar No. 24032461
Cory D. Itkin
State Bar No. 24050808
Noah M. Wexler
State Bar No. 24060816
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850

**ATTORNEYS FOR PLAINTIFF**

*TO BE SERVED WITH PLAINTIFF'S ORIGINAL PETITION*